IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL DUFFY, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civ. No. 09-817-SLR ) |
| KENT COUNTY LEVY COURT, INC., et al., | ) ) ) ) |
| Defendants. | ) ) |

Michael Duffy, Pro Se Plaintiff. Clayton, Delaware.

Chad J. Toms, Esquire, Whiteford, Taylor & Preston, L.L.C., Wilmington, Delaware. Counsel for Defendants Kent County Levy Court, Inc. and M. Mange.

Robert F. Phillips, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Joseph R. "Beau" Biden, III.

**MEMORANDUM OPINION**

Dated: February 23, 2011
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Michael Duffy ("plaintiff"), who proceeds pro se, filed this complaint alleging defendants Kent County Levy Court, Inc. ("Levy Court"), Michael J. Petit de Mange ("Mange"), and Delaware Attorney General Joseph R. "Beau" Biden ("Biden") failed to monitor and manage flood control causing damage to plaintiff's land and property. (D.I. 2, 9) Presently before the court are defendants' motions to dismiss and plaintiff's motion to change venue. (21, 32, 38) For the reasons set forth below, the court will deny as moot the motion to change venue and will grant the motions to dismiss.

## II. BACKGROUND

Plaintiff filed his complaint on October 30, 2009, and amended the complaint on December 18, 2009. (D.I. 2, 9) Pursuant to an order issued on April 12, 2010 (D.I. 19), plaintiff named as defendants the Levy Court, Mange, and Biden. (D.I. 20) Neither the complaint nor the amended complaint refer to the statutes under which plaintiff proceeds, but refer to the "Kent County Code, § 116." In the civil cover sheet, plaintiff marked boxes next to "other personal injury, other personal injury property damage, land condemnation, all other real property." In the section that asks for the U.S. Civil Statute, plaintiff wrote "negligence, malice." (D.I. 2)

A May 2008 flood displaced plaintiff from his family cottage. In the complaint, plaintiff alleges that defendants failed to monitor and manage for flood control and this caused damages from the flooding and erosion to plaintiff's land and property. According to plaintiff, the erosion worsened considerably following the May 2008 flood,

and plaintiff is "affected by decisions regarding excavations and depositions to wetlands under federal governance and adjacent to the St. Jones River." Plaintiff alleges defendants have been negligent through the years; specifically, five years ago, Delaware Department of Natural Resources and Environmental Control ("DNREC") permitted excavation of a levee through land adjacent to his property, but failed to complete the phased connections to the wetlands. The area around the levee remains unnaturally flooded and eroded. Relief or recovery is limited because the storm assessment was "botched" in ways to aid investors to obtain land from owners who fell victim to the damages caused by the neglect. Plaintiff further alleges that defendants ignore questions and pleas about flood prevention and storm recovery and deliberately mislead or ignore plaintiff's questions. (D.I. 2)

Plaintiff seeks damages "from both the neglect and the big gale. Basically because of negligence and cronism [sic] after the gale." He also seeks: (1) a hydrological impact assessment under the supervision of the Army Corps of Engineers; (2) a corrected storm assessment of damages from the big gale; (3) monetary damages for loss and expenses that occurred as a result of mandates for plaintiff's property; (4) relief for costs for re-elevation of plaintiff's lot; (5) federal review of site and permits issued to non-parties by defendants for alterations that may have led to pollution and flooding; (6) a comprehensive means to repair damages and lessen flood impact; and (7) punitive damages.

The Levy Court and Mange move for dismissal by reason of res judicata, pursuant to Fed. R. Civ. P. 12(b)(6), for lack of subject matter jurisdiction, and immunity

under the Delaware County and Municipal Tort Claim Act, 10 Del. C. § 4010. (D.I. 32) Biden moves for dismissal by reason of Eleventh Amendment immunity, lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), and immunity under the Delaware Tort Claims Act, 10 Del. C. §. 4001. Plaintiff opposes the motions.

## III. MOTIONS TO DISMISS

### A. Standards of Review

#### 1. Fed. R. Civ. P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring his claim. A motion brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction. When a party files a motion to dismiss attacking subject matter jurisdiction, the court must first determine if the motion is a factual attack or a facial attack. *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the court must accept all factual allegations in the complaint as true, and the court may only consider the complaint and documents referenced in or attached to the complaint. *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual challenge to the court's subject matter jurisdiction, the court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the complaint. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Instead, the court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Once the court's subject matter jurisdiction over a complaint is challenged, plaintiff bears the burden of proving that jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.3d 1405, 1409 (3d Cir. 1991).

### 2. Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.– , 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts

alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief." *Id.* at 211; *see also Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

"In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. A document forms the basis of a claim if the document is 'integral to or explicitly relied upon in the complaint.' The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document. Further, considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is

on notice that the document will be considered." *Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### B. Res Judicata/Claim Preclusion

The Levy Court and Mange move for dismissal by reason of res judicata or claim preclusion. They argue that the present case is identical in nearly every respect to a prior action filed by plaintiff before the Superior Court of the State of Delaware, in and for Kent County, *Duffy v. Minner*, Civ. No. 09C-02-038 WLW ("Superior Court case"). Ruth Ann Minner ("Minner"), the former governor of the State of Delaware, and the Levy Court were named defendants in the Superior Court case. In that case, plaintiff alleged that the May 2008 storm caused erosion and flooding to his home and community. Similar to this case, he sought damages, an independent evaluation of the flood damage, flood controls, assurance that permits and rebuilding aid would be provided, and the creation of a comprehensive storm recovery plan. The claims against the Levy Court were dismissed with prejudice for failure to state a claim upon which relief can be granted upon a finding that the Levy Court was immune from liability under the Delaware County and Municipal Tort Claims Act, 10 Del. C. § 4010.[1] (D.I. 33, exs. B, C)

Under the doctrine of res judicata (also referred to as claim preclusion), a judgment in a prior suit involving the same parties, or parties in privity with them, bars a subsequent suit on the same cause of action. *In re Continental Airlines, Inc.*, 279 F.3d

---

[1] There record does not indicate the status of the Superior Court case as to former Delaware governor Ruth Ann Minner.

226, 232 (3d Cir. 2002). "Res judicata acts as a bar to relitigation of an adjudicated claim between parties and those in privity with them." *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 392 (3d Cir. 2002) (citing *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999)). "The rationale is that if the adjudication of an action is binding on parties in privity with the parties formally named in the litigation, then any claims against parties in privity should be brought in the same action lest the door be kept open for subsequent relitigation of the same claims." *Id.*

A party seeking to invoke res judicata must establish three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (quotation marks omitted). The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." *Id.*; *see also Duhaney v. Attorney General of U.S.*, 621 F.3d 340 (3d Cir. 2010). Dismissal for failure to state a claim is a final judgment on the merits for res judicata purposes. *Lewis v. Smith*, 361 F. App'x 421 (3d Cir. 2010) (not published) (citing *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981)).

The Superior Court case dismissal is a final judgment on the merits. The parties are the same given that the Levy Court is a named defendant in both cases and, Mange, as the administrator of the Levy Court is in privity with it. In addition, state officials are named as defendants in both cases. Finally, as discussed above, the present case is based upon the same cause of action as the Superior Court case.

Clearly, res judicata bars plaintiff from relitigating claims relative to the May 2008 flood and its aftermath. To the extent plaintiff seeks to raise additional claims that could have been raised in his previous action filed in the Superior Court, said claims are also barred. Plaintiff's time to raise said claims was when he unsuccessfully sought recovery in the Superior Court case. Plaintiff may not relitigate the claims he currently raises. Therefore, the court will grant the Levy Court and Mange's motion to dismiss by reason of res judicata.

### C. Subject Matter Jurisdiction

Defendants move for dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The Levy Court and Mange argue that dismissal is proper because the complaint fails to identify a federal statute or a theory of liability that creates a federal question and plaintiff does not establish that he has standing to bring a claim. They note that plaintiff merely demands "federal oversight of the defendant's management of the coastal wetlands." (D.I. 2 at 13) Biden contends that, because the complaint makes no mention of him and does not allege any constitutional or statutory violations, plaintiff cannot invoke this court's jurisdiction.

In his response, plaintiff claims "the primary federal jurisdiction to this action, in addition to the federal Clean Water Act and navigable waters,"[2] are the Coastal Zone Management Act, Storm Waters Policy, Environmental Policy Act, and additional provisions of Title 42. (D.I. 37 ¶ 7) Attached to the response are excerpts from 16

---

[2]In referring to "navigable waters" as a basis for jurisdiction, plaintiff cites as support, *Rapanos v. United States*, 547 U.S. 715 (2006). The issues in the *Rapanos* case arose under the Clean Water Act, 33 U.S.C. §§ 1251 et seq.

U.S.C. §§ 1015a,1455b; 33 U.S.C. §§ 1, 2317; 42 U.S.C. §§ 4102, 4104c, 4104d, 5195, 5196d, 5196f, and 28 Fed. R. Civ. P. 71A (redesignated as 7.1). (D.I. 37, ex.)

Initially, the court notes that there is no private right of action under several of the federal statutes which plaintiff claims vests this court with subject matter jurisdiction. Plaintiff cites to the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 et seq., but it does not provide for a private right of action. Instead, it permits for judicial review of agency action. *See Central S.D. Co-Op. Grazing Dist. v. Secretary of the USDA*, 266 F.3d 889, 894 (8th Cir. 2001); *Raymond Proffitt Found. v. United States Army Corps of Eng'rs*, 175 F. Supp. 2d 755, 771 (E.D. Pa. 2001). Plaintiff also cites to several sections of the National Flood Insurance Act ("NFIA") of 1968, 42 U.S.C. §§ 1302, 4001. Congress, however, did not intend to create a private right of action for violations of the NFIA. *Audler v. CBC Innovis Inc.*, 519 F.3d 239 (5th Cir. 2008). In addition, there is no indication that Congress intended to create a private cause of action under the Water Resource Development Act, 42 U.S.C. §§ 1109(d), 1962d-20d, inasmuch as an implied private right of action would be inconsistent with its statutory scheme. *Little Traverse Bay Bands of Odawa Indians v. Great Spring Waters of Am.*, 203 F. Supp. 2d 853 (W.D. Mich. 2002). Moreover, the Disaster Relief and Emergency Assistance Act (i.e., Stafford Act), 42 U.S.C. § 5121 et seq., does not create a private right of action. *See Graham v. Federal Emergency Mgmt. Agency*, 149 F.3d 997, 1001 & n.1 (9th Cir. 1998); *Holguin v. Flood Control, Greenlee Cty.*, 70 F. App'x 958 (9th Cir. 2003) (not published); *but see Diversified Carting, Inc. v. City of N.Y.*, 423 F. Supp. 2d 85, 90-91 (S.D.N.Y. 2005) (implicitly recognizing a private right of action under the

Stafford Act); *McWaters v. FEMA*, 408 F. Supp. 2d 221, 228-29 (E.D. La. 2006) (implicitly recognizing a private right of action under the Stafford Act). Nor does the Federal Coastal Zone Management Act of 1972 (CZMA), 16 U.S.C. §§ 1451 et. seq., create a private right of action against federal, state, city, or private defendants. *George v. Evans*, 311 F. App'x 426 (2d Cir. 2009) (not published).

Further, it is not clear that plaintiff may bring a cause of action under the Clean Water Act nor is it clear under what provision plaintiff believes that he may proceed under said Act. Plaintiff merely mentions the Clean Water Act in his opposition. The United States Court of Appeals for the Third Circuit has held that "no federal right of action against [a state agency or its officials] was created by the [CWA]" for failure to enforce an effluent limitation standard. *Allegheny Cnty. Sanitary Auth. v. United States Envtl. Prot. Agency*, 732 F.2d 1167, 1169-70, 1174-75 (3d Cir. 1984); *see also O'Leary v. Moyer's Landfill*, 523 F. Supp. 642, 648 (E.D. Pa.1981) ("[T]he jurisdictional grant does not in terms create responsibility on the part of a regulatory agency . . . even where the agency decides against enforcement."). *But see Delaware Cnty. Safe Drinking Water Coal., Inc. v. Hanger*, 304 F. App'x 961 (3d Cir. 2008) (not published) (The CWA authorizes federal district courts to entertain suits initiated by "'a person . . . having an interest which is or may be adversely affected").

Finally, as noted, plaintiff makes no mention of any federal statutes in the complaint and, in the civil cover sheet, refers to negligence. Once he opposed the dismissal motions and set forth federal statutes, plaintiff listed them, pell-mell, with no semblance of how the statutes were allegedly violated, apparently in the hopes that one

would provide this court with subject matter jurisdiction. Despite the gallimaufry of statutes, none accomplish the goal. Accordingly, the court will grant defendants' motions to dismiss for lack of subject matter jurisdiction.

### D. Eleventh Amendment Immunity

Biden moves for dismissal on the ground that he is immune from suit in his official capacity by reason of the Eleventh Amendment.

The Eleventh Amendment guarantees that non-consenting states may not be sued by private individuals in federal court unless Congress abrogates the states' immunity pursuant to a valid exercise of its power. See *Board of Trustees of the Univ. of Al. v. Garrett*, 531 U.S. 356, 363 (2001). State officials acting in their official capacities have the same Eleventh Amendment immunity from damage suits as the state itself. See *Hafer v. Melo*, 502 U.S. 21, 30 (1991). Hence, Biden, while acting in his official capacity, is immune from suit under the Eleventh Amendment. See *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 268 (1997); *Ali v. Howard*, 353 F. App'x 667, 672 (3d Cir. 2009) (not published). Therefore, the court will grant Biden's motion to dismiss the claims raised against him in his official capacity.[3]

### E. Failure to State a Claim upon which Relief Can be Granted

The Levy Court and Mange argue that dismissal pursuant to Rule 12(b)(6) is appropriate because "it would be a stretch to characterize anything within [the]

---

[3]In addition, citizen suits filed pursuant to the provisions of the Clean Water Act do not abrogate a state's Eleventh Amendment immunity. *Burnette v. Carothers*, 192 F.3d 52 (2d Cir. 1999); *Natural Res. Def. Council v. California Dep't of Transp.*, 96 F.3d 420, 423 (9th Cir.1996) (district court properly dismissed all claims under Clean Water Act against state agency on Eleventh Amendment immunity ground).

complaint as espousing a coherent theory of liability." (D.I. 33 at 10) Biden moves for dismissal under the same rule on the grounds that the complaint makes no reference to him as committing any wrong, and it fails to allege facts that Biden violated plaintiff's constitutional rights, that he violated a federal statute, or that he breached a duty owed to plaintiff.

The court has thoroughly reviewed plaintiff's complaint. In doing so, drawing on its judicial experience and common sense, the court finds that the complaint fails to contain sufficient factual matter to state a claim to relief that is plausible on its face. Accordingly, the court will grant defendants' motion to dismiss pursuant to Rule 12(b)(6).

### F. Tort Immunity

All defendants move for dismissal on the grounds that they are immune from suit pursuant to the Delaware Tort Claims Act and the Delaware County and Municipal Tort Claims Act. 10 Del. C. §§ 4001-4005; §§ 4010-4013. With regard to Biden, § 4001 provides that "[e]xcept as otherwise provided by the Constitutions or laws of the United States or of the State, as the same may expressly require or be interpreted as requiring by a court of competent jurisdiction, no claim or cause of action shall arise, and no judgment, damages, penalties, costs or other money entitlement shall be awarded or assessed against the State or any public officer or employee, including the members of any board, commission, conservation district or agency of the State, whether elected or appointed, and whether now or previously serving as such, in any civil suit or proceeding at law or in equity, or before any administrative tribunal, where the following

elements are present: (1) The act or omission complained of arose out of and in connection with the performance of an official duty requiring a determination of policy, the interpretation or enforcement of statutes, rules or regulations, the granting or withholding of publicly created or regulated entitlement or privilege or any other official duty involving the exercise of discretion on the part of the public officer, employee or member, or anyone over whom the public officer, employee or member shall have supervisory authority; (2) The act or omission complained of was done in good faith and in the belief that the public interest would best be served thereby; and (3) The act or omission complained of was done without gross or wanton negligence; . . . provided further that in any civil action or proceeding against the State or a public officer, employee or member of the State, the plaintiff shall have the burden of proving the absence of 1 or more of the elements of immunity as set forth in this section." In other words, Biden is immune from liability for acts done in good faith, without gross or wanton negligence and which arose out of and in connection with the performance of official discretionary duties. See *Smith v. New Castle County Vocational-Tech. Sch. Dist.*, 574 F. Supp. 813, 820 (D. Del. 1983). The complaint contains no allegations of any acts specifically taken by Biden, much less allegations of lack of good faith or breach of duty. Therefore, Biden is immune from suit pursuant to the Delaware Tort Claims Act.

With regard to the Levy Court and Mange, § 4011 provides that all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages. Plaintiff seeks recovery for defendants' negligence. As

-13-

discussed above, the Superior Court previously determined that the Levy Court is immune from suit pursuant to the Delaware County and Municipal Tort Claims Act. 10 Del. C. § 4011.

For the above reasons, the court will grant defendants' motion to dismiss based on the Delaware Tort Claims Act and the Delaware County and Municipal Tort Clams Act.

## IV. CONCLUSION

For the above reasons, the court will grant defendants' motions to dismiss and will deny as moot the remaining pending motion. (D.I. 21, 32, 38)

An appropriate order will issue.